Santry, J.
The petitioner, on the 9th day of May, 1947, presented to the State Education Department an application for the issuance to him, without examination, of a Certified Public Accountant’s Certificate, pursuant to section 1492 of the Education Law, as amended by chapter 340 of the Laws of 1947.. The- application was considered by the State Board of Certified Public Accountant Examiners, and denied on the ground ‘ ‘ that the record as submitted by you does not satisfy them that your experience as offered meets the requirements of the statute.” From this decision of the board the petitioner appealed for a review to the Commissioner of Education. The commissioner dismissed the appeal on the grounds, as stated in the order of dismissal, that the petitioner “ has not met the requirements of chapter 340 of the Laws of 1947 for the reason he has not had 15 years of public accounting experience. Since this requirement has not been met, it is unnecessary to give consideration to his record in respect to diversification of accounting experience.”
Prior to 1947, section 1492 of the Education Law provided that a certificate of public accountant was to be issued only to a person who submitted satisfactory evidence of the possession of academic and professional qualifications for the public practice of accounting and who passed the examination requirement by the Department of Education. By chapter 340 of the Laws of 1947, the statute was amended by the adoption of the following provisions: “ provided, however, that in lieu of the *258 requirements as to education and examination herein the department may accept, in the case of applicants who have reached the age of forty years, evidence of fifteen years ’ experience in the intensive application of accountancy principles and auditing procedures satisfactory to the state board of certified public accountant examiners, subject to review by the commissioner of education".*
The respondent’s application for a certificate was made pursuant to the provisions of the amendment. His application was denied by the board of examiners and he appealed to the commissioner for a review of the board’s action as provided by the amended statute. The sole question involved in this appeal is whether the respondent received, at the hands of the commissioner, the review to which he was entitled under the provisions of the statute.
The amended statute authorized the granting of a certificate to a person who presented evidence satisfactory to the board of examiners of “ fifteen years’ experience in the intensive application of accountancy principles and auditing procedures ”. The board of examiners denied the petitioner’s application because in its judgment his experience did not meet the requirements of the statute, but when the commissioner dismissed the petitioner’s application for review, he did so not because of a failure to meet the requirements of the statute, but upon the express ground that the petitioner did not have “ 15 years of public accounting experience ’ ’, and in his decision the commissioner specifically stated that in view of the lack of such public accounting experience, it was unnecessary to consider the petitioner’s record in respect to diversification of accounting experience.
The petitioner was entitled to have his right to a certificate determined on the basis of the qualifications specified by the Legislature in the amendment to the statute. Public accounting experience was not a qualification so specified, and the commissioner had no power or authority to write it into the law.
The petitioner was entitled to a review based on his experience in the intensive application of accounting principles and auditing procedures, as provided by statute. The dismissal of his application, specifically stated to have been based on his lack of a qualification which was not required by the statute, constituted a denial of the review to which he was entitled.
*259 The order appealed from should be affirmed, with costs.

 Since repealed by L. 1948, ch. 629, § 1, eff. March 30, 1948.— [Rep.